WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharyn A. Medeiros,<br><br>             Plaintiff,<br><br>v.<br><br>Wells Fargo & Company Long Term Disability Plan, et al.,<br><br>             Defendants. | No. CV-14-01129-PHX-JZB<br><br>**ORDER** |

Pending before the Court are (1) Defendant Liberty Life Assurance Company of Boston's ("Liberty") Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 13), and (2) Defendants Wells Fargo & Company Long Term Disability Plan ("the Plan") and Wells Fargo & Company's ("Wells Fargo") Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 27). Both Motions are fully briefed and no party has requested oral argument. For the reasons below, the Court will deny both Motions.

**I.  Background**

Plaintiff was an employee of Wells Fargo. (Doc. 1 ¶ 10.) While employed, Plaintiff participated in the Plan. (*Id.*) The Plan "is a purported ERISA benefit plan established and maintained by Wells Fargo for the benefit of its employees. The Plan is a welfare benefit plan that offers long-term disability ('LTD') benefits." (*Id.* ¶ 2.) Wells Fargo is the Plan Administrator, Plan Sponsor and Employer for the Plan. (*Id.* ¶ 4.) The Plan is insured by Liberty. (*Id.* ¶ 6.)

Plaintiff "sustained a work injury to her left rib cage and spine in January 2010.

She had persistent pain, which has only worsened and spread to other areas of her body, including her left arm and shoulder, back, hip, groin, and leg.  The persistent pain she felt caused [her] to become depressed and anxious." (*Id.* ¶ 36.)   Plaintiff "completed 25 weeks of short-term disability ('STD') benefits from January 17, 2011 through July 18, 2011 at 100% of her covered salary." (*Id.* ¶ 39.)  On August 9, 2011, Liberty approved Plaintiff's claim for LTD benefits.  (*Id.* ¶¶ 40-41.)   However, Liberty terminated Plaintiff's LTD benefits two months later. (*Id.* ¶ 42.)  Plaintiff subsequently appealed that decision and her claim was referred to the Appeals Review Unit ("ARU").  (*Id.*)

On December 8, 2011, after the ARU review, Liberty reinstated Plaintiff's LTD benefits.  (*Id.* ¶ 44.)  Liberty subsequently terminated Plaintiff's LTD benefits on June 27, 2012.  (*Id.* ¶ 45.)   After Plaintiff appealed the second termination of her LTD benefits, Liberty reinstated them effective June 28, 2012, in a letter dated March 14, 2013. (*Id.* ¶¶ 46-47.)

On May 2, 2013, Liberty terminated Plaintiff's LTD benefits for a third time.  (*Id.* ¶ 48.)   On November 13, 2013, Plaintiff timely appealed the decision.  (*Id.* ¶ 49.)  Plaintiff claims that Liberty was required to make a decision regarding her appeal within 45 days and, if it could not do so, it was obligated to notify Plaintiff beforehand of the need for an extension.  (*Id.* ¶ 50.)  The 45-day deadline expired on December 30, 2013 without a response from Liberty.  (*Id.* ¶¶ 51-52.)  Plaintiff sent a letter dated January 23, 2014, in which she asked Liberty to provide a status update on its review of her appeal.  (*Id.* ¶ 53.)  To date, Liberty has not provided Plaintiff with a response.  (*Id.* ¶ 54.)  Since her last day worked, Plaintiff asserts that she remains "totally disabled" and eligible for LTD benefits under the Plan.  (*Id.* ¶¶ 55, 61.)

**II.   Discussion**

In her Complaint, Plaintiff asserts three causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA"): (1) recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) against Liberty and the Plan; (2) failure to disclose and maintain plan documents pursuant to 29 U.S.C. § 1132(c) against Wells Fargo; and

(3) breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3) against Liberty and Wells Fargo. On June 20, 2014, Liberty filed a Motion to Dismiss Count III of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13.) Liberty argues that in light of the Supreme Court's holding in *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), Plaintiff's § 1132(a)(3) breach of fiduciary duty claim in Count III is precluded by her § 1132(a)(1)(B) claim for benefits in Count I. (*Id.*) On July 23, 2014, Wells Fargo and the Plan filed a separate Motion to Dismiss, incorporating by reference the arguments Liberty made in its Motion. (Doc. 27.)

In Response to Liberty's Motion, Plaintiff argues that the relief she seeks in Count III of her Complaint is distinct from her claim for payment of benefits in Count I and, therefore, under *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), she can proceed with all of her claims. (Doc. 23 at 5-6.) Plaintiff further claims that the Federal Rules of Civil Procedure allow her to plead inconsistent claims and alternative theories of relief. (*Id.* at 6-7.) In Response to Wells Fargo and the Plan's Motion, Plaintiff argues that she does not seek duplicative relief by bringing her claim for breach of fiduciary duty against Wells Fargo because Wells Fargo is not named in Count I of the Complaint.[1] (Doc. 28.)

On July 17, 2014, Liberty filed a Reply in support of its Motion to Dismiss. (Doc. 24.) In its Reply, Liberty argues that the facts in *Amara* are distinguishable from the facts here, and *Wise v. Verizon Comms., Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010), requires dismissal of Plaintiff's claims in Count III against Liberty. (*Id.*) On August 18, 2014, Wells Fargo and the Plan filed their Reply, arguing that Plaintiff's claim for breach of fiduciary duty in Count III is duplicative of her claim against Wells Fargo in Count II, and Plaintiff has failed to allege facts sufficient to state a claim for relief. (Doc. 29.)

---

[1] Plaintiff also argues that the Court should not consider Wells Fargo and the Plan's Motion because "[g]enerally a court's scope of review on a motion to dismiss is limited to the complaint." (Doc. 28 at 3.) Plaintiff is correct that the Court is generally limited to the face of the Complaint when assessing the sufficiency of *the plaintiff's* allegations at issue; however, Plaintiff fails to cite to any authority that prohibits the Court from considering a motion to dismiss if supporting arguments are contained in a separate document. Therefore, the Court will consider the arguments in Liberty's Motion to Dismiss, as well as those in Plaintiff's Response to Liberty's Motion, in ruling on Wells Fargo and the Plan's Motion.

### a. 12(b)(6) Standard for Dismissal

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) ("But where the claim is plausible—meaning something more than 'a sheer possibility,' but less than a probability—the plaintiff's failure to prove the case on the pleadings does not warrant dismissal.") (*citing Iqbal*, 556 U.S. at 677-68). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, dismissal for failure to state a claim is appropriate where a plaintiff fails to plead a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

### b. Breach of Fiduciary Duty Claims Under 29 U.S.C. § 1132(a)(3)

Under 29 U.S.C. § 1132(a)(3), a Plan participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." The United States Supreme Court has recognized that a plaintiff may bring a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). *Varity*, 516 U.S. 489, at 512. However, the Supreme Court also held that § 1132(a)(3) is a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Id.*; *see also Forsyth v. Hamana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) ("The Supreme Court thus interpreted the statute to allow individual relief for a breach of fiduciary duty in an ERISA action only where no other adequate relief is available.").

The Ninth Circuit Court addressed claims for breach of fiduciary duty under § 1132(a)(3) in *Wise v. Verizon Comms., Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010), where the plaintiff sought equitable relief "in the form of an award of past and future benefits" and "removal of the Plan Administrators as plan fiduciaries." *Wise*, 600 F.3d at 1190. The court upheld the district court's dismissal of the plaintiff's claims under § 1132(a)(3) on the ground that the relief requested "was duplicative of relief she sought under other [portions of § 1132]." *Id.* The court further held that money damages "are not an available remedy under ERISA's equitable safety net." *Id.* (*citing Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)).

After *Wise*, the Supreme Court in *Amara*, 131 S. Ct. at 1876-77, addressed whether the district court properly reformed the terms of a pension plan under § 1132(a)(1)(B). The Court held that § 1132(a)(1)(B) does not provide authority for the district court to take such action. *Id.* The Court further stated that in the ERISA context, reformation of plan terms to hold a plan administrator responsible for promises it made to participants and ordering a "surcharge" compensating participants for a loss resulting from the plan administrator's breach of fiduciary duty or to prevent unjust enrichment may each qualify as "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3). *Id.* at 1880. The Court also noted that the fact that "relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Id.*

The Supreme Court's decision in *Amara* did not address the holding in *Varity*. Likewise, the Ninth Circuit Court has not addressed the impact of *Amara* on *Varity* or *Wise*. As noted by Justice Scalia in his concurring opinion, the Court's discussion in *Amara* of the meaning of "appropriate equitable relief" is dicta. *Id.* at 1882-83 (Scalia, J., concurring) ("the District Court based the relief it awarded upon ERISA 502(a)(1)(B), and that provision alone . . . . I would go no further."). However, the Ninth Circuit generally follows dicta of the Supreme Court. *Valladolid v. Pac. Operations Offshore, LLP*, 604 F.3d 1126, 1131 (9th Cir. 2010) ("Of course, we treat the considered dicta of the Supreme Court with greater weight and deference 'as prophecy of what that Court

might hold.'").  Accordingly, Plaintiff's § 1132(a)(3) claims in Count III of her Complaint are subject to dismissal if in them she seeks relief that is duplicative of the relief she seeks in another cause of action.[2]

### c. Plaintiff's Breach of Fiduciary Duty Claims

In Count III of her Complaint, Plaintiff asserts that Liberty and Wells Fargo "owe fiduciary duties to Plan participants, including" Plaintiff, and they "failed to discharge [their] duties with the care, skill, prudence, and diligence under the circumstances that a prudent man acting in like capacity and familiar with such matters would use under 29 U.S.C. § 1104(a)."  (Doc. 1 ¶¶ 160-61.)  Plaintiff claims that Liberty and Wells Fargo breached their fiduciary duties in the following ways:

164.  Liberty acted with malice and in bad faith against Plaintiff;

165.  Liberty arbitrarily and capriciously denied Plaintiff's benefits;

166.  Wells Fargo acted imprudently by failing to oversee Liberty's claims administration;

167.  Defendants and Liberty had a duty to engage in meaningful dialogue with Plaintiff, which they failed to do;

172.  Liberty was unjustly enriched as a result of its breach of fiduciary duty violations, because it wrongfully withheld benefits for its own profit;

173.  Liberty did not adequately set aside reserves for Plaintiff's LTD claim; and

174.  Liberty incentivized its employees to make claims determinations based on Liberty's 'reserve report' and in the interest of its net income reports regarding company profitability.

---

[2] Liberty attaches to its Reply a case from the United States District Court for the Southern District of Texas, *Lopez v. Liberty Life Assurance Company of Boston*, H013-2460, 2013 U.S. Dist. LEXIS 152755 (S.D. Tex. Oct. 24, 2013), and argues that if a plaintiff sufficiently pleads a cause of action pursuant to § 1132(a)(1)(B), any additional claim pursuant to § 1132(a)(3) is subject to dismissal.  (Doc. 24.)  However, the Court agrees with other courts that have not read *Varity* and the Ninth Circuit cases that follow to require dismissal at the pleading stage of every § 1132(a)(3) claim when the complaint also pleads a claim under § 1132(a)(1)(B).  *See e.g.*, *Gurasich v. IBM Retirement Plan*, No. C-14-02911 DMR, 2014 U.S. Dist. LEXIS 152060, at *7-8 (N.D. CA. Oct. 27, 2014); *Roque v. Roofers' Unions Welfare Trust Fund*, No. 12 C 3788, 2013 U.S. Dist. LEXIS 71409, at *19-20 (N.D. Ill. May 21, 2013) ("the door remains open for an ERISA plaintiff to bring a claim under both sections if the claims are truly distinct . . . . Only where § 502(a)(1)(B) provides adequate relief is identical relief under § 502(a)(3) unavailable").

(*Id.* ¶¶ 164-67, 172-74.)   Based on this alleged unlawful conduct, Plaintiff seeks to "enjoin any act or practice by Wells Fargo and/or Liberty, which violates ERISA or the Plan, and/or she is entitled to see other appropriate equitable relief that is traditionally available in equity." (*Id.* ¶ 177.)  She further requests "mandamus relief, requiring Wells Fargo to establish a proper Plan pursuant to ERISA and other applicable law." (*Id.* ¶ 180.)  Finally, Plaintiff seeks to have Liberty return any benefits resulting from its breaches. (*Id.* ¶ 178.)

With regard to Liberty, to the extent that Plaintiff requests in Count III of her Complaint relief in the form of payment of past and future benefits, that claim is duplicative of Plaintiff's claims in Count I.  However, Plaintiff seeks other forms of equitable relief in Count III against Liberty for other conduct, including equitable relief based on alleged procedural violations by Liberty in administering Plaintiff's claim. (*Id.* ¶¶ 165, 172-75.)  Based on these allegations, the Court finds that Plaintiff has sufficiently pled a distinct claim for relief under § 1132(a)(3).  *See Braun v. USAA Group Disability Income*, No. CV-13-1923-PHX-DGC, 2014 U.S. Dist. LEXIS 92414, at *7-8 (D. Ariz. July 8, 2014) ("[i]t is conceivable that Plaintiff could prove that she is entitled to an award of past and future benefits under § 1132(a)(1)(B) and additional monetary damages under § 1132(a)(3) for breach of fiduciary duty.").

In Wells Fargo and the Plan's Motion to Dismiss, they rely entirely on the arguments Liberty advances in its Motion.  As an initial matter, Wells Fargo is not named in Count I of the Complaint.  Wells Fargo and the Plan fail to address how the basis for Liberty's Motion to Dismiss—that Plaintiff's claim against Liberty in Count III is duplicative of her claim against Liberty in Count I—supplies a basis for dismissal of Count III against Wells Fargo.  Instead, Wells Fargo and the Plan argue for the first time in their Reply that dismissal is appropriate because Plaintiff's claim under § 1132(a)(3) in Count III is duplicative of her claim against Wells Fargo under § 1132(c) in Count II, and Plaintiff fails to assert sufficient factual allegations to state a claim for relief in Count III.

(Doc. 29.)

Even considering these arguments,[3] the Court finds that Plaintiff has sufficiently pled a distinct claim for relief under § 1132(a)(3) against Wells Fargo in Count III of her Complaint.  To the extent Plaintiff's breach of fiduciary duty claim against Wells Fargo is based on its failure to maintain and disclose Plan documents to Plaintiff, those claims are duplicative of the claims in Count II of the Complaint.  However, Plaintiff also asserts that Wells Fargo breached its fiduciary duty by failing to oversee Liberty in its claims administration, and she seeks equitable relief to remedy such conduct.  (*Id.* ¶¶ 112, 161-62, 166.)  Taking as true Plaintiff's allegations regarding Liberty's conduct and Wells Fargo's failure to oversee Liberty, Plaintiff has pled a distinct claim for relief under § 1132(a)(3).  Accordingly,

**IT IS ORDERED** that Liberty's Motion to Dismiss (Doc. 13) and Wells Fargo and the Plan's Motion to Dismiss (Doc. 27) are denied.

Dated this 1st day of December, 2014.

Honorable John Z. Boyle
United States Magistrate Judge

---

[3] The Court need not consider new arguments raised for the first time in a reply to a motion to dismiss. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).